UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WORTHING,

    Plaintiff,                                    Case No. 08-11895

v.                                          Honorable John Corbett O'Meara

RELIANCE STANDARD LIFE INSURANCE
COMPANY; MATRIX ABSENCE
MANAGEMENT, INC.; and GENENTECH,
INC. GROUP INSURANCE PLAN,

    Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the court on the parties' December 4, 2008 cross-motions for summary judgment. Responses were filed December 29, 2008; and oral argument was heard February 12, 2009.

## FINDINGS OF FACT

1. Plaintiff Deborah Worthing was employed by Genentech, Inc., from 1989 until June 2001.

2. Last employed as an oncology sales specialist, Worthing suffered a work-related back injury while moving boxes from her automobile in April 2001. At the time, she was earning $83,297.76 per year plus commissions.

3. The injury compelled Worthing to cease working at Genentech effective June 21, 2001.

4. Worthing timely applied for long-term disability ("LTD") benefits on forms provided by defendant Matrix Absence Management, Inc. ("Matrix"), the designated claims administrator for defendant Reliance Standard Life Insurance Company ("Reliance").

5. Worthing was a covered person under two group insurance policies issued by Reliance to Genentech effective January 1, 2001.

6. The policies provided, among other things, LTD benefits and life insurance benefits, as well as a waiver of premium during periods of disability.

7. On April 12, 2002, Worthing underwent four surgical procedures to redress her injuries.

8. Defendant Matrix, acting as claims administrator for Reliance, wrote to Worthing on April 29, 2002, advising her that her claim for LTD benefits had been approved, retroactive to December 20, 2001.

9. Thereafter Worthing continuously drew LTD benefits from Reliance from December 20, 2001, until December 19, 2006.

10. In late 2006, Reliance reviewed Worthing's entitlement to benefits.

11. On November 16, 2006, Worthing voluntarily attended, at Reliance's request, a medical examination performed by Anthony A. Emmer, D.O.

12. Matrix wrote to Worthing on January 5, 2007, to advise her that her LTD benefits were being terminated permanently, effective December 20, 2006.

13. On September 10, 2007, Worthing's counsel filed with Reliance a formal administrative appeal of the decision to terminate her LTD benefits.  The appeal was accompanied by 29 exhibits, comprised of nearly 900 pages of text containing her medical records.

14. Along with the referenced submission and a subsequent supplement, Worthing submitted four separate physicians' statements of disability authored by:  Chad Savage, M.D.; Steven Arbit, M.D.; Parveen Qazi, M.D.; and Teck Soo, M.D., each of whom had treated or examined Worthing and each of whom attested that Worthing remains totally disabled from full-time employment under the terms of the applicable Reliance policy.

15. Reliance wrote to Plaintiff's counsel on December 18, 2007, to advise that her administrative appeal was denied.

16. Plaintiff Worthing filed the complaint in this matter on April 28, 2008.

## **CONCLUSIONS OF LAW**

1. Plaintiff's complaint states a claim for relief under the Employee Retirement Income Security Act ("ERISA"), § 502, 29 U.S.C. § 1132.

2. Decisions denying benefits under ERISA are reviewed *de novo* by the courts unless the plan adequately grants discretionary authority to the entity making the benefits decision, in which case a denial is reviewed under a deferential "arbitrary and capricious" standard.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989); Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996).

3. While the United States Court of Appeals for the Sixth Circuit does not require a plan to use specific words such as "discretionary" to vest such authority in the entity deciding benefits entitlement, it has consistently required "a clear grant of discretion" to that entity before replacing the *de novo* standard with the arbitrary and capricious standard.  Wulf v. Quantum Chem. Corp., 26 F.3d 1368, 1373 (6th Cir.), cert. denied, 513 U.S. 1058 (1994).

4. In this case, the Reliance policy states, "The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits.  Decisions by the claims review fiduciary shall be complete, final and binding on all parties.  We shall serve as the claims review fiduciary with respect to the insurance policy and the Plan."  Administrative Record ("AR") at 72.

5. The face sheet of the policy states, "Reliance Standard Life Insurance Company is referred to as 'we', 'our' or 'us' in this policy."  AR at 62.

6. Although defendant Matrix acted as Reliance's claims administrator, the language of the policy reserved the final and binding decisions for Reliance itself.  Therefore, the court will apply the *de novo* standard of review to the decision to deny benefits.

7. The court finds as a matter of law that Reliance's decision to terminate Plaintiff's LTD benefits must be overturned, as it violates the "full and fair" review mandate imposed by 29 U.S.C. § 1133(2).  The decision was reached without adequate justification for a conclusion that Plaintiff was no longer disabled from full-time employment under the applicable terms of the Reliance insurance policy.

8. In addition, Reliance's decision must be overturned as contrary to the clear weight of the medical opinion evidence in the record establishing Plaintiff's ongoing disability from full-time employment.  See Kalish v. Liberty Mutual, 419 F.3d 501 (2005); Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005); Hoover v. Provident Life and Accident Ins. Co., 290 F.3d 801 (6th Cir. 2002).

9. The court further finds that even if the heightened standard of arbitrary and capricious were used to review the decision to terminate Plaintiff's LTD benefits, the decision must be overturned based on the applicable and controlling opinions of the Sixth Circuit Court of Appeals.

10. Reliance's decision to rescind Plaintiff's waiver of premium benefit under the applicable group life policy due to an ostensible end of her disability status is also erroneous and must be overturned.

11. Plaintiff Worthing is entitled to and is hereby **GRANTED** judgment restoring her LTD benefits retroactive to December 20, 2006.

12. Defendant Reliance is hereby **ORDERED** to provide an accounting of the present amount of restored and unpaid benefit, along with applicable interest.

13. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is further entitled to an award of reasonable attorney fees and costs.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date:  May 1, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2009, by electronic and/or ordinary mail.

                                         s/William Barkholz
                                         Case Manager