UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WORTHING,

    Plaintiff,                       Case No. 08-11895

v.                                Honorable John Corbett O'Meara

RELIANCE STANDARD LIFE INSURANCE
COMPANY; MATRIX ABSENCE
MANAGEMENT, INC.; and GENENTECH,
INC. GROUP INSURANCE PLAN,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MAY 14, 2009 MOTION FOR ATTORNEY FEES AND COSTS**

This matter came before the court on plaintiff Deborah Worthing's May 14, 2009 Motion for Attorney Fees and Costs. Defendant Reliance Standard Life Insurance Company filed a response May 21, 2009; and Plaintiff filed a reply May 28, 2009. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

**LAW AND ANALYSIS**

Plaintiff Deborah Worthing is the prevailing party in this litigation pursuant to this court's May 1, 2009 Findings of Fact and Conclusions of Law. A court's award of attorney fees to the prevailing party is discretionary. 29 U.S.C. § 1132(g).

The United States Court of Appeals for the Sixth Circuit has set forth the following five factors a district court should consider in exercising its discretion to award fees: 1) the degree of the opposing party's culpability or bad faith, 2) the opposing party's ability to satisfy an order for the payment of fees, 3) the deterrent effect of such an award on persons under similar circumstances,

4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA, and 4) the relative merits of the parties' positions. Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).

In applying the King factors to this case, the court finds Plaintiff is entitled to some of her requested fees. The first factor weighs in favor of Plaintiff. Defendant Reliance was unable to satisfy the more deferential arbitrary and capricious standard of review, as its decision to deny benefits was contrary to the clear weight of the medical opinions in this case by disregarding statements of disability from *four* different physicians in favor of the opinion of one doctor hired by Reliance. A finding of culpability or bad faith does not require that an opposing party acted with subjective bad faith; it is sufficient to find that it selectively relied on information favorable to benefits termination. Moon v. UNUM Provident Corp., 461 F.3d 639, 643-44 (6th Cir. 2006).

Defendant Reliance, a nationwide insurance company, concedes that the second King factor, the ability to satisfy and award of fees and costs, weighs in favor of Plaintiff.

The third factor, the deterrent effect of an award on other persons under similar circumstances, also weighs in favor of Plaintiff. Two judges from the Western District of Michigan have issued recent rulings awarding fees. Judge Robert Holmes Bell found that an award of fees "could have a deterrent effect on Defendant and other plans from engaging in dilatory and cursory claims reviews." Soltysiak v. UNUM Provident Corp., 2008 U.S. Dist. LEXIS 69769 (W.D. Mich.). Judge Janet Neff found that an award of fees "would deter other insurance companies from making arbitrary decisions based on a limited review of the administrative record." Kufner v. Jefferson Pilot Fin. Ins. Co., 2009 U.S. Dist. LEXIS 40344 (W.D. Mich.). In this case, the court finds an award of

2

fees may deter Defendant and other insurance companies from relying too heavily on their own medical expert's opinion when it is so clearly at odds with the rest of the medical opinions contained in the record.

The fourth <u>King</u> factor, whether a common benefit was conferred on all participants or beneficiaries of an ERISA plan or whether a significant legal question regarding ERISA was resolved, does not support Plaintiff's claim for fees.

Finally, the fifth factor, the relative merits of the parties' positions, does weigh in favor of Plaintiff. As stated above, the court's Findings of Fact and Conclusions of Law held that defendant Reliance acted in an arbitrary and capricious manner in denying Plaintiff's benefits. Reviewing all five <u>King</u> factors, the court will grant Plaintiff's motion for attorney fees. The remaining question is the amount of fees.

Defendant Reliance argues that Plaintiff is not entitled to recover claimed fees associated with work performed in order to exhaust her administrative remedies. Defendant's resp. br. at 6. Indeed, the Sixth Circuit has found that "[a]lthough exhaustion of administrative remedies is a prerequisite to seeking judicial review of ERISA claims, . . . exhaustion proceedings are not 'intimately connected' with judicial proceedings in the manner described by the Supreme Court in its decisions awarding costs to parties who prevailed in litigation related to the administrative proceedings for which they were awarded fees." <u>Anderson v. Procter & Gamble Co.</u>, 220 F.3d 449, 454-55 (6th Cir. 2000)(citation omitted). Therefore, Plaintiff's claimed fees from April 2, 2007, through November 5, 2007, are not recoverable.

Plaintiff seeks fees in the amount of $400 per hour for two attorneys and $75 per hour for a legal assistant. Defendant contends that the requested hourly rate for the attorneys is "excessive,

unreasonable [and] not a customary rate for attorneys practicing in the specialized area of ERISA law in this district and should be substantially reduced to comply with the district customary rate." Defendant's resp. br. at 8.  In Crider v. Highmark Life Ins. Co., Case No. 05-0660, (W.D. Mich. 2006), however, the court awarded attorney fees to plaintiff Worthing's counsel in the amount of $350 per hour.  A fifty-dollar per hour increase over three years seems reasonable.

## ORDER

It is hereby **ORDERED** that plaintiff Worthing's May 14, 2009 motion for attorney fees and costs is **GRANTED IN PART AND DENIED IN PART.**

It is **ORDERED** that Plaintiff is entitled to the fees and costs set forth in Exhibit 1 to Troy W. Haney's affidavit from December 19, 2007, through May 5, 2009.


                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  June 22, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 22, 2009, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager